UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Judgment Creditor,<br>v.<br><br>DAVID HU,<br><br>    Judgment Debtor,<br>and<br><br>THE VANGUARD GROUP, INC.,<br>THE NORTHWESTERN MUTUAL LIFE<br>INSURANCE COMPANY, AND<br>JPMORGAN CHASE BANK, N.A.,<br><br>    Third-Party Respondents. | 20 CR 360 (AKH)<br><br>**TURNOVER ORDER** |

  WHEREAS the Court entered judgment against DAVID HU on June 30, 2022, and ordered him to pay more than $364 million in restitution to the victims of his crime;

  WHEREAS Hu has only made nominal payments totaling $200 toward restitution to date;

  WHEREAS, pursuant to 18 U.S.C. § 3613, upon entry of judgment, a lien arose on all of Hu's property and rights to property notwithstanding any other federal law, and the United States may use any federal or state procedure to enforce the judgment;

  WHEREAS, pursuant to Federal Rule of Civil Procedure 69(a)(1) and N.Y. CPLR § 5222, in July 2022, the United States issued and served restraining notices on third-party respondents The Vanguard Group, Inc., Northwestern Mutual Life Insurance Company, and JPMorgan Chase Bank, N.A. for substantial nonexempt property belonging or due to Hu;

  WHEREAS Vanguard answered that it holds three retirement accounts for Hu with a total approximate value of $2,689,793 subject to market fluctuation in IRA brokerage account numbers ending in 9690 and 9889 and 1468;

WHEREAS Northwestern Mutual answered that it holds four life insurance policies with total maximum loan values of approximately $756,289, subject to change pursuant to the terms of each insurance contract and accrual of interest, for which Hu is the policy owner and his spouse is the designated beneficiary, in policy numbers ending in 7765 and 3380 and 0311 and 8385;

WHEREAS Chase answered that it holds a total of $3,347 for Hu in checking account number ending in 2809 and savings account number ending in 9167;

WHEREAS the United States served David Hu, as the judgment debtor, and his spouse, Sandra Hu, as a potentially interested party, with the restraining notices, including the exclusive and limited exemptions available to criminal judgment debtors under 18 U.S.C. § 3613(a) on July 26, 2022, and its motion for turnover order on June 21, 2023;

WHEREAS the United States has not received any claim of exemption, objection, or response from Hu or his spouse regarding the property withheld by any of the third-party respondents pursuant to the restraining notices;

WHEREAS Hu has a substantial nonexempt interest in the property held by each third-party respondent, to which the criminal judgment lien has attached, and therefore the property is subject to turnover;

IT IS HEREBY ORDERED that THE VANGUARD GROUP, INC. shall liquidate securities as needed to pay to the Clerk of Court the nonexempt property it has in its possession, custody, or control belonging to DAVID HU, namely 100% of the full liquidated value of his account numbers ending in 9690 and 9889 and 1468, less any deductions required by law. *See* 18 U.S.C. § 3613; *United States v. Irving*, 452 F.3d 110, 126 (2d Cir. 2006) (government authorized to garnish assets held in an IRA for criminal restitution);

IT IS FURTHER ORDERED that NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY shall liquidate securities as needed to pay to the Clerk of Court the nonexempt

property it has in its possession, custody, or control belonging to DAVID HU, namely 100% of the maximum loan values for policy numbers ending in 7765 and 3380 and 0311 and 8385. *See* 18 U.S.C. § 3613; *United States v. Bess*, 357 U.S. 51, 56-67 (1958); *United States v. Minneman*, 38 F. App'x. 321, 323 (7th Cir. 2002) (government authorized to garnish cash value of life insurance); and

IT IS FURTHER ORDERED that JPMORGAN CHASE BANK, N.A. shall pay to the Clerk of Court the nonexempt property it has in its possession, custody, or control belonging to DAVID HU, namely 100% of the full liquidated value of the checking account number ending in 2809 and savings account number ending in 9167; *See* 18 U.S.C. § 3613; *United States v. National Bank of Commerce*, 472 U.S. 713, 725 (1985); *United States v. Kollintzas*, 501 F.3d 796, 803 (7th Cir. 2007) (government authorized to exercise debtor's right to withdraw funds from his bank accounts).

Payments should be made by cashier's check or certified funds to "Clerk of Court" with "No. 20 CR 360" written on the face of each payment and mailed to:

> United States District Court
> 500 Pearl Street, Room 120
> New York, New York 10007
> Attn: Cashier

The Clerk of Court shall apply the payments received from each third-party respondent to the judgment debtor's outstanding balance and disburse the funds to the victims in accordance with its standard operating procedures.

Dated: New York, New York
       Aug. ___, 2023

_____
UNITED STATES DISTRICT JUDGE